PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| RASHID L. CARTER, | ) |
| | ) CASE NO. 1:16CV1585 |
| Petitioner, | ) (1:14CR0194-1) |
| | ) |
| v. | ) |
| | ) JUDGE BENITA Y. PEARSON |
| UNITED STATES OF AMERICA, | ) |
| | ) **ORDER** |
| Respondent. | ) [Resolving ECF Nos. 409 and 412] |

Pending are *Pro Se* Petitioner Rashid L. Carter's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 409), filed on June 23, 2016, and Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 412), filed on June 27, 2016. Carter raises one issue in his § 2255 petition: "New law made retroactive by the [U.S.] Supreme Court declaration that the residual clause is unconstitutional in [*Johnson v. United States*, 576 U.S. ----, 135 S.Ct. 2551 (2015).]" ECF No. 409 at PageID #: 2833, ¶ 12(a); ECF No. 412 at PageID #: 2864, ¶ 12(a). In response, the Government argues that because Petitioner's direct appeal is still pending, this Court cannot consider his § 2255 petition unless there are "extraordinary circumstances."

On February 13, 2015, Petitioner plead guilty to (Count 1) Conspiracy to Distribute Heroin, in violation of 21 U.S.C. § 846 and (Count 37) Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). On May 21, 2015, the

(1:16CV1585)

Court sentenced Petitioner to a mandatory minimum 120 months on Count 1 and a mandatory 60 months on Count 37 to be served consecutively, for a total of 180 months. Judgment in a Criminal Case (ECF No. 360).

On June 3, 2015, Carter, by and through counsel, filed his Notice of Appeal (ECF No. 375). Petitioner's direct appeal has been fully briefed and was submitted on briefs on April 28, 2016 and, as of the date of this filing, the decision is pending before the Sixth Circuit. *United States v. Carter*, No. 15-3618.

A § 2255 motion "is not a substitute for a direct appeal." *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *United States v. Frady*, 456 U.S. 152, 167-68 (1982)). As such, "in the absence of extraordinary circumstances, a district court is precluded from considering a § 2255 application for relief during the pendency of the [petitioner's] direct appeal." *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998). The Court reasoned that, "determination of the direct appeal may render collateral attack by way of a § 2255 application unnecessary." *Id.* The issue Petitioner raises in his § 2255 petition is an argument that he could have raised in his direct appeal. After all, *Johnson* was decided on June 26, 2015. To the extent that the § 2255 motion does contain claims that will be procedurally barred, that alone does not constitute an extraordinary circumstance. *United States v. Pierce*, No. 5:16-035-DCR, 2016 WL 782393, at *2 (E.D.Ky. Feb. 29, 2016) (defendant "cannot avoid the consequences of his oversight by pushing this collateral attack to a close before his direct appeal is decided"). Moreover, Petitioner has provided no proof that his situation is extraordinary or even that he is in particular need of speedy relief.

(1:16CV1585)

Accordingly, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 409) and Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 412) are denied without prejudice to refiling at a later date, if necessary.

IT IS SO ORDERED.

| | |
|---|---|
| June 30, 2016 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |