PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RASHID CARTER, | ) | CASE NOS. 1:17-CV-2111 |
| | ) | (1:14-CR-194-1) |
| Petitioner, | ) | |
| | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | [Resolving ECF Nos. 454, 455] |

Before the Court are *pro se* Petitioner Rashid Carter's Motions for Appointment of Counsel, ECF No. 454, and for an Evidentiary Hearing, ECF No. 455. For the reasons set forth below, Petitioner's motions are denied.

**I. Background**

On October 6, 2017, *pro se* Petitioner, a prisoner incarcerated at Pekin Federal Correctional Institute serving a 120-month sentence resulting from federal convictions, filed the underlying petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. ECF No. 1 (1:17-CV-2111). Together with his petition, Petitioner moved the Court to appoint him counsel and hold an evidentiary hearing. ECF Nos. 454, 455 (criminal docket, 1:14-cr-194-1). Because Petitioner's entitlement to appointed counsel depends in part on whether the Court grants his motion for an evidentiary hearing, the Court addresses the two motions in reverse order.

(1:17-CV-2111)

## II. Motion for Evidentiary Hearing (ECF No. 455)

The decision whether to order an evidentiary hearing "is in part analogous to a summary judgment proceeding. If material facts are in dispute, a hearing should usually be held, and relevant findings of fact made." *Driskill v. Brunsman*, 2012 WL 2681366, at *1 n.1 (N.D. Ohio, July 6, 2012) (internal quotation marks and ellipses omitted). By contrast, "no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)). In this case, Petitioner does not put forward any allegations that reveal the existence of a genuine factual dispute.

In his pleadings, Petitioner presents five claims for relief, all in the vein of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). First, he argues his trial counsel "failed to object to the use of coercion and misconduct by the prosecutor to induce a guilty plea." ECF No. 453-1 at 3300. Petitioner, however, does not present any particular allegations of coercion or misconduct. *See* ECF No. 453-1 at PageID#: 3300. Moreover, he does not contest the facts alleged by the United States that in both his written plea agreement and his plea colloquy with Magistrate Judge Limbert, Petitioner expressly affirmed that he had not been coerced or intimidated in his decision to enter a guilty plea. *See* ECF No. 459 at PageID#: 3357. The parties do not genuinely dispute the facts, but rather the legal significance of those facts. An evidentiary hearing would not meaningfully assist the Court in ruling on Petitioner's first argument.

-2-

(1:17-CV-2111)

Second, Petitioner argues his trial counsel "was ineffective by failing to object to and pursue the improperness of the [sentencing] enhancement." ECF No. 453-1 at PageID#: 3300. This allegation hinges on a question of law, not fact. An evidentiary hearing is unnecessary to resolve this allegation.

Third, Petitioner argues his trial counsel was ineffective for "fail[ing] to object to the untimely filing of the [sentencing] enhancement." *Id.* The United States responds that it filed its sentencing enhancement information before Petitioner entered his guilty plea, as required by 21 U.S.C. § 851(a)(1), and before the Court-imposed deadline of December 5, 2014. ECF No. 459 at PageID#: 3329. Petitioner does not contest the Government's version of events, and an evidentiary hearing would not enlighten the Court on the matter.

Fourth, Petitioner argues his appellate counsel was ineffective for "fail[ing] to challenge any conclusion of law on Direct Appeal." ECF No. 453 at PageID#: 3302. This argument does not present a factual dispute.

Finally, Petitioner argues his trial counsel "failed to notify [him] of all his rights, and failed to advise [him] not to waive his rights." *Id.* at PageID#: 3302. Although he explores the facts and holding of the Supreme Court's decision in *Hill v. Lockhart*, 474 U.S. 52 (1985), Petitioner does not indicate the specific rights of which he was uninformed or which he should have been advised not to waive. *See* ECF No. 453 at PageID#: 3302-04; ECF No. 460 at PageID#: 3378. Given the lack of specifics in the allegations, the Court finds that there is no real factual dispute concerning Petitioner's fifth argument. Additionally, this argument is belied by the transcript of the plea colloquy.

(1:17-CV-2111)

The Court, therefore, does not deem it necessary to further develop the record in order to make a determination on Mr. Carter's habeas corpus petition. Accordingly, Petitioner's motion for an evidentiary hearing (ECF No. 455) is denied.

### III. Motion for Appointment of Counsel (ECF No. 454)

The Sixth Amendment right to counsel generally does not apply to post-conviction habeas corpus proceedings for criminal defendants. *See Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir. 1992). However, an indigent defendant seeking to vacate or to set aside a death sentence has a statutory right to appointed counsel, as well as expert and investigative services. *See* 18 U.S.C. § 3599(a)(2). Moreover, in both capital and non-capital cases, the court must appoint counsel for an indigent defendant when an evidentiary hearing is required or when necessary for the defendant's effective utilization of discovery. *See* 28 U.S.C. § 2255 Rule 6(a). In all other circumstances, the court has considerable discretion in deciding whether to appoint counsel. *See* 28 U.S.C. § 2255 ("Appointment of counsel under [section 2255] shall be governed by section 3006A of title 18.").

18 U.S.C. § 3006(A)(g) provides in part:

> Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28.

In considering whether to grant a defendant's motion for appointment of counsel, a court should consider the following factors: (1) whether the merits of the claim are colorable; (2) the ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates

-4-

(1:17-CV-2111)

that the truth will more likely be exposed where both sides are represented by counsel; (4) the capability of the indigent to present the case; and (5) the complexity of the legal issues raised by the complaint. *See Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir. 1992).

The instant case is noncapital and no evidentiary hearing has been ordered. Where no evidentiary hearing is necessary, the district court will often consider (1) the legal complexity of the case, (2) factual complexity of the case, and (3) petitioner's ability to investigate and present his claims, along with any other relevant factors. *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994).

Based upon a review of the criteria for mandatory and discretionary appointment of counsel and the pleadings submitted by Petitioner thus far, the Court finds that (1) the grounds for relief presented can be resolved without an evidentiary hearing; (2) Petitioner has been articulate and prompt in his pleadings and other communications with the Court; (3) the grounds for relief presented in the petition for a writ of habeas corpus do not appear factually or legally complex; and (4) nothing in the record makes it appear that Petitioner is unable to investigate and present his claims or otherwise makes the instant matter an exceptional circumstance requiring the assistance of counsel.

Consideration of the foregoing factors does not reflect that appointment of counsel is warranted in this case. Because Petitioner is proceeding without counsel, the Court will construe his pleadings liberally. *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir.2004) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21(1972)).

(1:17-CV-2111)

## IV.  Conclusion

For the foregoing reasons, the Court denies Rashid Carter's Motions for Appointment of Counsel ([ECF No. 454](ECF No. 454)) and for an Evidentiary Hearing ([ECF No. 455](ECF No. 455)).

IT IS SO ORDERED.

August 30, 2018                        */s/ Benita Y. Pearson*
Date                                             Benita Y. Pearson
                                                       United States District Judge